# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| Aramark Services, Inc., | : | |
| Aramark Organizational Services, Inc. | : | Civil Action Number: |
| | : | |
| Plaintiffs, | : | |
| v. | : | COMPLAINT |
| Funke Salami, | : | |
| Aramark Corporation | : | Jury Trial Demanded |
| Defendants. | : | |

_____

## COMPLAINT

Plaintiffs Aramark Services, Inc. and Aramark Organizational Services, Inc. (collectively, "Plaintiffs" or "Aramark"), by and through its undersigned attorneys for its Complaint against Defendants Funke Salami and Aramark Corporation (collectively, the "Defendants"), allege, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

This is an action for infringement of Plaintiffs' federally registered and famous ARAMARK trademark and house mark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), trademark dilution under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all arising from the Defendants' unauthorized use of ARAMARK CORPORATION in connection with a business incorporated in Maryland (the "Infringing ARAMARK Designation") that purports to offer general contracting and/or food services.

## JURISDICTION AND VENUE

1.      This action arises under the Acts of Congress and the Lanham Act, Title 15 U.S.C. §
1051, et seq.  As such, this Court has subject matter jurisdiction under the provisions of Title 28
U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

2.      This Court may exercise personal jurisdiction over the Defendants.  A substantial part of
the events giving rise to this action have occurred and continue to occur in this judicial district.
As such, the Defendants should reasonably expect that their activities might have consequences
herein.

3.      This court has original jurisdiction over the claims brought under federal law pursuant to
28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.

4.      Venue is proper in this judicial district pursuant to Title 28 U.S.C. § 1391(b)(1), in that
Defendant Funke Salami resides in this district and Defendant Aramark Corporation has a
principal place of business in this district.

## PARTIES

5.      Aramark Services, Inc., is a Delaware corporation with a business headquarters at 1101
Market Street Philadelphia, PA 19107.

6.      Aramark Organizational Services, Inc., is a Delaware corporation that is a subsidiary of
Aramark Services, Inc. and the owner of the certain trademark that is relevant to this matter.

7.      According to its Articles of Incorporation, Defendant Aramark Corporation has a
registered address of 571 Garrett A. Morgan Blvd., Landover, Maryland 20785.

8.      According to its Articles of Incorporation, Defendant Funke Salami resides at 571 Garrett
A. Morgan Blvd., Landover, Maryland 20785.

**PLAINTIFFS' BUSINESS AND INTELLECTUAL PROPERTY**

9.      Aramark is a global leader and provider of food, facilities, and uniform services with clients that include, but are not limited to, educational institutions, healthcare organizations, Fortune 500 businesses, correctional facilities, and entertainment venues in the United States and 19 other countries in North America, South America, Europe, and Asia.

10.      Aramark has approximately 270,000 employees who yearly serve millions of customers including students, patients, employees, sports fans, and guests worldwide.

11.       According to Fortune.com, Aramark is currently ranked the 200th company on the Fortune 500 list of the most profitable US industrial companies.

12.      Aramark has been a Fortune 500 company for over 24 years.

13.      Aramark has offices and corporate subsidiaries around the country that operate under the house mark, Aramark.

14.      In Maryland, Aramark has registered several business names with the state's office, including but not limited to Aramark Campus, LLC; Aramark Correctional Services, LLC; Aramark Educational Services, LLC; Aramark Facility Services, LLC; Aramark Management, LLC; and Aramark Services, LLC.

15.      Aramark owns all right, title, and interest in and to a family of ARAMARK trademarks used in connection with, *inter alia*, business management services; personnel management consulting services; advertising consulting services; retail store and mail order catalog services in the field of wearing apparel and related articles; maintenance and repair services for electrical appliances, heaters, ventilation units, and air conditioners; custodial services; custom manufacture of garments; interior decorating and design services for others in the field of food service operations; quality assurance services provided to hospitals and medical care providers;

3

contract food, refreshment, and beverage services; and nutrition counseling and medical testing, namely, fitness awareness evaluation programs.

16.     Aramark Organizational Services, Inc., is the owner of valid and subsisting United States Trademark Registration No. 1941467 on the Principal Register in the United States Patent and Trademark Office ("USPTO") for ARAMARK.   The mark was applied for on July 12, 1993 and registered on December 12, 1995, and has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

17.     Aramark has continuously used the ARAMARK® trademark in United States commerce since October 11, 1994 in connection with "wearing apparel; namely, shirts, pants, shorts, jackets, coats, caps, hats, socks, panty hose, footwear, coveralls, overalls, rainwear, underwear, gloves, sweaters, lab coats, smocks, belts, suspenders, aprons, vests, sweatshirts, visors, T-shirts, face-warming masks, scarves, skirts, dresses, sports coats, ties and uniforms" in Class 25; "business management services; personnel management consulting services; advertising consulting services" in Class 35; "maintenance and repair services for electrical appliances, heaters, ventilation units, and air conditioners; custodial services; maintenance and repair for educational, medical, corporate, and industrial facilities" in Class 37; "custom manufacture and sewing repair of garments to order and specification of others" in Class 40; and "interior decorating services and design services for others in the field of food service operations; contract food, refreshment and beverage services; restaurant services; rental of clothing and uniforms, linens and clean room garments; lodging services; nutrition counseling and fitness awareness programs; retail store and mail order catalog services in the field of wearing apparel and related articles" in Class 40.

18.     As a result of its widespread and continuous use of ARAMARK® to identify its uniform, food and facilities goods and services, and Aramark as the source of these goods and services, Aramark owns valid and subsisting federal statutory and common law rights to ARAMARK®.

19.     Aramark's well-known ARAMARK® trademark has achieved significant recognition in the marketplace in connection with Aramark's uniform, food, and facilities goods and services.

20.     The ARAMARK® trademark is distinctive in the minds of the consuming public and in the uniform, food, and facilities industries.

21.     Aramark has vigorously defended its ARAMARK® trademark against infringers and potential infringers, and has invested significant resources in enforcement.

22.     Aramark has notified Defendants of its rights in the ARAMARK® trademark.

**DEFENDANTS' BUSINESS AND UNLAWFUL ACTIVITIES**

23.     Defendants filed the Articles of Incorporation for Aramark Corporation with the State of Maryland on July 31, 2018.

24.     According to its Articles of Incorporation, Defendant Funke Salami is the listed agent for Defendant Aramark Corporation.

25.     Upon information and belief, Defendants are using or plan to use the Infringing ARAMARK Designation in connection with the offering of general contracting or food-related services.

26.     On October 30, 2018, Aramark's legal counsel sent Defendants a cease and desist letter containing information about Aramark's rights in and to the ARAMARK® trademark and objecting to Defendants' registration of the business name Aramark Corporation and the use of the Infringing ARAMARK Designation.

27.     Aramark's counsel sent a follow-up letter to Defendants via FedEx on November 21, 2018.

28.     Despite confirmation that the letters were in in fact delivered, Aramark never received a response to its initial cease and desist letter or the follow-up correspondence from Defendants.

29.     The Infringing ARAMARK Designation adopted by Defendants is confusingly similar to Aramark's ARAMARK® trademark.

<u>COUNT I</u>

*FEDERAL TRADEMARK INFRINGEMENT*

30.     Plaintiffs repeat and reallege, and incorporate by reference, the paragraphs 1 through 29 as though they were fully set forth at length herein.

31.     The federal registration of Aramark's ARAMARK® trademark evidences Aramark's exclusive rights to use the ARAMARK® trademark in connection with its uniform, food, and facilities goods and services. 15 U.S.C. § 1115.

32.      The Infringing ARAMARK Designation encompasses Plaintiffs' ARAMARK® trademark in its entirety.

33.     "Aramark" is the dominant portion of the Infringing ARAMARK Designation.

34.     Accordingly, the Infringing ARAMARK Designation is similar in sound, meaning, and appearance to Plaintiffs' pre-existing ARAMARK® trademark.  The marks create the same commercial impression and are confusingly similar.

35.     Defendants will offer or have begun offering goods and services under the Infringing ARAMARK Designation that are identical to or related to the goods and services offered by Aramark, namely goods and services related to food and/or "general contracting" services, which potentially include contracting with companies and businesses to provide food, uniforms, repair,

6

or cleaning services, similar to the services offered by Aramark under the ARAMARK®
trademark.

36.     Defendants' services are or will be offered through the same or similar channels of trade
and are directed to the same or similar customers as Aramark.

37.     Defendants' use of the Infringing ARAMARK Designation is likely to cause confusion or
mistake, or to deceive, as to the source, affiliation or sponsorship with Aramark's ARAMARK®
trademark, in violation of 15 U.S.C. § 1051 et seq., specifically §§ 1114-1118.

38.     Defendants' unauthorized use of the Infringing ARAMARK Designation constitutes
infringement in violation of 15 U.S.C. § 1051 et seq., to the substantial and irreparable injury of
the public and of Aramark's ARAMARK® trademark, business reputation, and goodwill.

39.     Defendants' adoption and use of the Infringing ARAMARK Designation despite
Aramark's pre-existing registrations of various "Aramark" corporate names with the State of
Maryland, and Defendants' continued use of the Infringing ARAMARK Designation after
receiving actual notice of Aramark's prior use and registration of its ARAMARK® trademark
via its cease and desist correspondence, constitute intentional infringement and willful intent to
cause confusion and trade on Aramark's goodwill.

40.     Defendants' conduct has caused, and if not enjoined, will continue to cause irreparable
damage to the rights of Aramark in the ARAMARK® trademark and in Aramark's business,
reputation, and goodwill.

41.     Aramark seeks treble damages and attorney's fees and costs given the willful conduct of
Defendants.

## COUNT II

### *FEDERAL UNFAIR COMPETITION*

42.     Plaintiffs repeat and reallege, and incorporate by reference, paragraphs 1 through 41 as though they were fully set forth at length herein.

43.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     Defendants have unfairly competed with Aramark and Aramark's ARAMARK® trademark in interstate commerce and in this district by various acts, including adopting, purportedly using, and offering food and/or general contracting goods and services under the Infringing ARAMARK Designation.  These unauthorized acts and unauthorized uses of the Infringing ARAMARK Designation constitute unfair competition to the substantial and irreparable injury of the public and of the ARAMARK® trademark, and Aramark's business reputation and goodwill. 15 U.S.C. § 1125.

45.     Defendants' conduct as alleged herein is willful and is intended to cause confusion, mistake, or deception as to the affiliation, connection, or association of Aramark Corporation with Plaintiffs.

46.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Aramark, and to its goodwill and reputation, and will continue to both damage Aramark and confuse the public unless enjoined by this court. Aramark has no adequate remedy at law.

47.     Aramark seeks treble damages and attorney's fees and costs given the willful conduct of Defendants.

## COUNT III

### *FEDERAL TRADEMARK DILUTION*

48.     Plaintiffs repeat and reallege, and incorporate by reference, paragraphs 1 through 47 as though they were fully set forth at length herein.

49.     Aramark's ARAMARK® trademark is distinctive to both the consuming public and Aramark's trade.

50.     Aramark has expended substantial time, money, and resources marketing, advertising, and promoting the uniform, food, and facilities goods and services sold under the ARAMARK® trademark.

51.     Aramark's revenues under its famous ARAMARK® trademark exceeded $15.8 billion in 2018.

52.     Aramark routinely offers its services at high-profile events, including but not limited to the Olympic Games, the Super Bowl, the World Series, the FIFA® World Cup, and the Stanley Cup Finals.

53.     As a result of Aramark's expenditures and efforts, the ARAMARK® trademark has come to signify the high quality of the uniform, food, and facilities goods and services designated by the ARAMARK® trademark, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Aramark.

54.     As a result of its distinctiveness and widespread use and promotion throughout the United States, Aramark's ARAMARK® trademark is a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c).

55.     Aramark's ARAMARK® trademark became famous prior to Defendants' acts as alleged herein.

56.     Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute the distinctive quality of Aramark's famous ARAMARK® trademark.

57.     Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Aramark irreparable damage and will, unless enjoined, continue to so damage Aramark, which has no adequate remedy at law.

58.     Aramark is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.


## PRAYERS FOR RELIEF

WHEREFORE, Aramark requests judgment against the Defendants as follows:

1.     Granting an injunction preliminarily and permanently enjoining and restraining Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a.     providing, offering, selling, marketing, advertising, promoting, or authorizing any third party to provide, offer, sell, market, advertise or promote Defendants' food or general contracting related goods and services bearing the Infringing ARAMARK Designation or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Aramark's ARAMARK® trademark;

b.      engaging in any activity that infringes or contributes to the infringement of Aramark's rights in the ARAMARK® trademark;

c.      engaging in any activity constituting unfair competition with Aramark; and

d.      making or displaying any statement, representation, or depiction that is likely to lead the public to believe that (i) Defendants' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Aramark or conversely that (ii) Aramark's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants.

2.      Finding that the Defendants are infringing Aramark's ARAMARK® trademark and is competing unfairly with Aramark.

3.      Ordering the Defendants to account for and pay Aramark the damages to which Aramark is entitled as a consequence of the infringement of its ARAMARK® trademark.

4.      Ordering the Defendants to account for and to pay over to Aramark all damages suffered by Aramark as a result of the Defendants' unfair competition.

5.      Awarding Aramark treble damages as a consequence of the Defendants' willful and intentional infringement and unfair competition.

6.      Awarding Aramark punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

7.      Awarding Aramark its costs and reasonable attorneys' fees for this action.

8.      Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Aramark demands a trial by jury on all triable issues of fact.

Dated: January 15, 2019

Respectfully submitted,

COZEN O'CONNOR

By: */s/ Ryan P. Bottegal*

Ryan P. Bottegal (Bar No. 20314)
Maryland Bar ID
1200 19th Street NW, 3rd Floor
Washington, DC 20036
Telephone: 202-463-2533
Facsimile: 202-640-5957
E-Mail: Rbottegal@cozen.com

and

Camille M. Miller (pro hac vice forthcoming)
Melanie A. Miller (pro hac vice forthcoming)
Chanel L. Lattimer (pro hac vice forthcoming)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215-665-7273
Facsimile: 215-701-2273
Email: Cmiller@cozen.com
E-mail: Mmiller@cozen.com
E-mail: Clattimer@cozen.com

*Attorneys for Plaintiffs*